UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00558-CJC(ANx)                                    Date: April 23, 2013

Title: <u>LENNAN JUAREZ V. ECOVA, INC.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                                   <u>   N/A   </u>
Deputy Clerk                                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

     Plaintiff Lennan Juarez ("Plaintiff") filed this action in Orange County Superior Court on March 8, 2013.  Mr. Juarez, a former employee of defendant Ecova, Inc. ("Ecova"), alleges several causes of action against his former employer, including intentional misrepresentation, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the California Labor Code, retaliation in violation of public policy, and wrongful termination in violation of public policy.  Mr. Juarez seeks damages for, among other things, lost earnings and fringe benefits, loss of employment related opportunities, damage to his professional reputation, emotional distress, humiliation, and mental anguish and embarrassment.  Mr. Juarez also seeks punitive damages.  On April 8, 2013, Ecova removed the action to this Court on the basis of diversity jurisdiction.  Ecova asserts that the parties are citizens of different states and the amount in controversy exceeds $75,000.  (Dkt. No. 1 ["Not. of Removal"].)

     Whether subject matter jurisdiction exists may be raised by the Court sua sponte at any time.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00558-CJC(ANx)            Date: April 23, 2013
                                                                                  Page 2

exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Where the complaint does not specify the amount in controversy, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). If it is not "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotations and citation omitted).

       It does not appear to the Court that Ecova has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. Ecova states that it is "factually apparent from the body of the Complaint that the claim exceeds the jurisdictional amount." (Not. of Removal ¶ 16.) Specifically, Ecova argues that the amount in controversy is satisfied because Mr. Juarez seeks a wide variety of damages, including punitive damages. The Complaint, however, provides no monetary figures in connection with the damages sought. The fact that Mr. Juarez seeks a wide variety of damages does not show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000; conceivably, Mr. Juarez could be seeking small sums for each of his claims. Ecova includes no calculations of damages as part of its Notice of Removal and fails to provide any evidence in support of its assertions.

       The Court therefore orders Ecova to show cause why this case should not be remanded for lack of subject matter jurisdiction. Ecova shall file an opposition to the Court's order to show cause by **May 7, 2013.** Mr. Juarez shall have until **May 14, 2013** to file a response. This matter will be decided on the papers without any hearing.

mtg

MINUTES FORM 11
CIVIL-GEN                                                                                Initials of Deputy Clerk MU